IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

CARRIE E. BALDWYN                                               PLAINTIFF

VERSUS                                         NO. ___1:20-CV-087-SA-DAS___

DWAYNE BLACKMON CHEVROLET, INC.                          DEFENDANT

JURY TRIAL DEMANDED

## COMPLAINT

This is a civil action to recover back pay and benefits, compensatory damages, punitive damages, and reinstatement, or in the alternative, front pay, for retaliation, made actionable pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"). The following averments support this civil action:

PARTIES

1. The Plaintiff, Carrie Elizabeth Baldwyn, is an adult resident citizen of Lee County, Mississippi.

2. The Defendant, Dwayne Blackmon Chevrolet, Inc. ("Blackmon Chevrolet"), is a Mississippi corporation with its principal place of business at 1410 South Gloster Street, Tupelo, Mississippi 38804. The Defendant Blackmon Chevrolet may be served with process by service of a Summons and Complaint upon its registered agent, Albert G. Delgadillo, 105 South Front Street, Tupelo, Mississippi 38801.

## JURISDICTION & VENUE

3.  This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 (Federal Question), 28 U.S.C. 1343(a)(3) (Civil Rights), and 42 U.S.C. § 2000e-5(f)(3) (Title VII).

4.  Venue is proper in the Northern District of Mississippi, pursuant to 28 U.S.C. § 1391, since a substantial part of the events and omissions giving rise to the claim occurred in this judicial district.

## CAUSE OF ACTION

5.  Carrie Baldwin began her employment with the Defendant Blackmon Chevrolet on or about August 31, 2015.

6.  Several weeks after beginning her employment Ms. Baldwyn was sexually harassed by the Defendant Blackmon's parts manager Darrell Caldwell.

7.  Ms. Baldwyn complained to management about the harassment and was assured by management that Mr. Caldwell would no longer harass her.

8.  Although Mr. Caldwell left Ms. Baldwyn alone for a while, before too long he began to attempt to ingratiate himself to Ms. Baldwyn.

9.  On May 16, 2016, Mr. Caldwell entered work intoxicated and began to sexually harass Ms. Baldwyn and another female employee.

10.  Mr. Caldwell approached Ms. Baldwyn's work area and made crude sexual

2

advances towards her, including offering Ms. Baldwyn drugs for sex, harmfully and offensively touching her, and offering to perform sexual acts with her.

11. Mr. Caldwell did not cease his crude advances and sexual harassment until a male co-worker intervened.

12. After leaving Ms. Baldwyn's work area, Mr. Caldwell continued to sexually harass Ms. Baldwyn by using the public address system and repeatedly dialing her extension.

13. Ms. Baldwyn immediately reported this sexual harassment to her supervisor, another manager, and Dwayne Blackmon the owner of the Defendant Blackmon Chevrolet.

14. Rather than addressing Ms. Baldwyn's complaint, Mr. Blackmon took no action that day.

15. The following day Mr. Blackmon made repeated excuses for Mr. Caldwell's behavior despite other employees, in addition to Ms. Baldwyn, informing him of Mr. Caldwell's misconduct and sexual harassment of other female employees.

16. Ultimately, Mr. Blackmon terminated Mr. Caldwell's employment and told Ms. Baldwyn and another female employee that he would terminate their employment if the matter were ever brought up again.

17. On March 21, 2017, Ms. Baldwyn was called into Mr. Blackmon's office and

told that Mr. Caldwell was being rehired as parts manager.

18.  After returning to her work area, Ms. Baldwyn spoke with the general manager and asked if there was anyone else she could speak to about the rehiring of Mr. Caldwell.

19.  Ms. Baldwyn told the general manager that she intended to speak to General Motors corporate headquarters if Caldwell was brought back to work by the Defendant Blackmon Chevrolet.

20.  The general manager told Ms. Baldwyn that she might as well quit if she contacted corporate to complain about Mr. Blackmon's decision to rehire Mr. Caldwell and stormed off.

21.  The general manager returned at noon the same day and told her to speak with Mr. Blackmon.

22.  Ms. Baldwyn went to Mr. Blackmon's office and spoke with him.  Ms. Baldwyn expressed her objection to Mr. Caldwell's rehire and concern that he would continue to harass her and her female co-workers in the same manner as he did before his termination.  Ms. Baldwyn told Dwayne Blackmon that she would be uncomfortable working at the Defendant Blackmon Chevrolet if Mr. Caldwell were to be reinstated because Caldwell had made sexual advances toward her.

23.  Mr. Blackmon told Ms. Baldwyn that her concerns about Mr. Caldwell made

4

him feel as though she would do better working somewhere else and terminated her employment at that moment.

24.  After terminating Ms. Baldwyn's employment, Mr. Blackmon told her that her firing had nothing to do with her work, that he would give her a good reference, and that she could easily find another job because she was a good worker.

25.  The termination of Ms. Baldwyn's employment by the Defendant Blackmon Chevrolet was directly related to her good faith complaints about and opposition to sexual harassment in her workplace.

26.  After the termination of her employment, Ms. Baldwyn filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on May 2, 2017.  The EEOC mailed Ms. Baldwyn a Notice of Right to Sue on February 7, 2020.

27.  Ms. Baldwyn complied with all administrative prerequisites to filing this civil action and timely filed this civil action.

28.  The acts and omissions of the Defendant Blackmon Chevrolet were intentional and taken in willful disregard of Ms. Baldwyn's federally protected rights.

Claim - Title VII Retaliation

29.  The Defendant Blackmon Chevrolet terminated Ms. Baldwyn's employment in retaliation for her reports of and opposition to sexual harassment in the workplace.

5

30.  The Defendant Blackmon Chevrolet harbored discriminatory animus and retaliated against Ms. Baldwyn because of her reporting of and opposition to sexual harassment.

31.  Ms. Baldwyn's reporting of and opposition to sexual harassment constituted protected activities and were a motivating factor and but for cause of the Defendant Blackmon Chevrolet's decision to terminate her employment.

32.  As a direct and proximate result of the Defendant Blackmon Chevrolet's retaliation against Ms. Baldwyn she suffered financial and emotional injury.

## AD DAMNUM

33.  Ms. Baldwyn prays for the following relief:

    a.  Back pay and benefits;

    b.  Compensatory damages for emotional pain, suffering, inconvenience, mental anguish, and any other non-pecuniary losses;

    c.  Punitive damages;

    d.  Reinstatement, or, in the alternative, front pay; and

    e.  Reasonable costs and attorney's fees.

Respectfully submitted, this the 8th day of May, 2020.

/s/ Victor Israel Fleitas

_____

      VICTOR I. FLEITAS
      MS BAR NO. 10259

Victor I. Fleitas, P.A.
452 North Spring Street
Tupelo, Mississippi 38804
662.840.0270 / Telephone
662.840.1047 /Facsimile
fleitasv@bellsouth.net /Email

L. N. Chandler Rogers, Esq.
Rogers Law Group
201 East Bankhead Street
New Albany, Mississippi 38652
662.538.5990 / Telephone
662.538.5997 / Facsimile

Attorneys for Carrie E. Baldwyn